1  ARNOLD & PORTER KAYE SCHOLER LLP
2  SHARON DOUGLASS MAYO (SBN 150469)
   sharon.mayo@apks.com
3  Three Embarcadero Center, 10th Floor
4  San Francisco, CA 94111
   Telephone: (415) 471-3100
5  Facsimile: (415) 471-3400
6
7  KATHRYN W. HUTCHINSON (SBN 310816)
   kathryn.hutchinson@apks.com
8  777 South Figueroa Street, 44th Floor
   Los Angeles, California 90017
9  Telephone: (213) 243-4000
10 Facsimile: (213) 243-4199
11 Attorneys for Plaintiffs

12
13                    UNITED STATES DISTRICT COURT
14                   SOUTHERN DISTRICT OF CALIFORNIA

15 | UNIVERSAL MUSIC                          | Case No.: '17CV0181 H   BLM
16 | CORPORATION, JAY E'S
   | BASEMENT, JACKIE FROST                   | COMPLAINT FOR VIOLATIONS OF
17 | MUSIC, INC., D2 PRO PUBLISHING,          | COPYRIGHT ACT
   | SAM SWAP PUBLISHING, TARPO
18 | MUSIC PUBLISHING, YOUNG                  | (17 U.S.C. § 101 et seq.)
   | DUDE PUBLISHING, NOTTING
19 | DALE SONGS, WB MUSIC CORP.,
   | MUSIC OF WINDSWEPT, and
20 | BLONDIE ROCKWELL,
21            Plaintiffs,
22       v.
23
24 LA MESA BILLIARDS, L.L.C., and
   PHILIP PACCIONE,
25
              Defendants.
26
27
28

COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant La Mesa Billiards, L.L.C. ("LMB"), is a limited liability company organized under the laws of the state of California with offices at 8076 La Mesa Boulevard, La Mesa, California 91941.

6. At all times hereinafter mentioned, LMB did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Jolt N Joes, located at 8076 La Mesa Boulevard, La Mesa, California 91941.

7. Musical compositions were and are publicly performed at Jolt N Joes.

8. On information and belief, defendant Philip Paccione ("Paccione" together with LMB, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Paccione was, and still is, a

---

* All references to "Columns" herein refer to the numbered columns set forth in SCHEDULE A.

- 2 -

COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT

Managing Member of LMB.

10. At all times hereinafter mentioned, Paccione was, and still is, responsible for the control, management, operation and maintenance of the affairs of LMB.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Jolt N Joes, including the right and ability to supervise and control the public performance of musical compositions at Jolt N Joes.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Jolt N Joes.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

　　(a) On November 30, 2010, Defendants entered into a license agreement with ASCAP.

　　(b) Defendants, however, failed to pay license fees as required by the license agreement, and on September 30, 2015, upon due notice, ASCAP terminated the agreement for default.

  (c) Despite repeated reminders of their liability under the Copyright Act, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Jolt N Joes, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

16. Since termination of Jolt N Joes' ASCAP license, ASCAP representatives have attempted to contact the Defendants, or their representatives, agents, or employees, to offer to reinstate the license for Jolt N Joes, upon payment of the outstanding fees owed to ASCAP.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Jolt N Joes constitute copyright infringement.

18. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

19. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

20. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

21. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at Jolt N Joes, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

22. The public performances at Jolt N Joes of the Plaintiffs' copyrighted

musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

23. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

24. The many unauthorized performances at Jolt N Joes include the performances of the four (4) copyrighted musical compositions upon which this action is based.

25. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

26. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at Jolt N Joes, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

2. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars

($750) in each cause of action herein.

    3.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

    4.    For such other and further relief as may be just and equitable.

Dated: January 31, 2017        ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Kathryn W. Hutchinson*
SHARON DOUGLASS MAYO
sharon.mayo@apks.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111

KATHRYN W. HUTCHINSON (
kathryn.hutchinson@apks.com
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017

## Schedule A

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Cause of Action** | **Plaintiff** | **Musical Composition** | **Writers** | **Date of Publication** | **Certificate of Registration Number** | **Date of Known Infringement** |
| 1. | UNIVERSAL MUSIC CORPORATION<br><br>JAY E'S BASEMENT<br><br>JACKIE FROST MUSIC, INC. | E.I. | Jason Epperson (p/k/a Jay E)<br><br>Cornell Haynes (p/k/a Nelly) | June 6, 2000 | PA 1-009-119 | June 3, 2016 |
| 2. | UNIVERSAL MUSIC CORPORATION<br><br>JACKIE FROST MUSIC, INC.<br><br>D2 PRO PUBLISHING<br><br>SAM SWAP PUBLISHING<br><br>TARPO MUSIC PUBLISHING<br><br>YOUNG DUDE PUBLISHING | AIR FORCE ONES | Robert Ky Juan Cleveland (p/k/a Kyjuan)<br><br>Tohri Murphy Lee Harper (p/k/a Murphy Lee)<br><br>Cornell Haynes (p/k/a Nelly)<br><br>Ali Kenyatta Jones (p/k/a Ali) | June 25, 2002 | PA 1-103-724 | June 3, 2016 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 3. | TARPO MUSIC PUBLISHING | TIPSY | Jerrell C. Jones (p/k/a J-Kwon) | PA 1-159-437 | April 6, 2004 | June 3, 2016 |
| | NOTTING DALE SONGS | | Mark Williams (Mark A. Williams) | | | |
| | | | Joe Kent (Joe A. Kent) | | | |
| 4. | WB MUSIC CORP | LET ME BLOW YA MIND | Michael Elizondo | PA 1-133-787 | March 6, 2000 | June 3, 2016 |
| | UNIVERSAL MUSIC CORPORATION | | Eve Jeffers | | | |
| | MUSIC OF WINDSWEPT | | Scott Storch | | | |
| | BLONDIE ROCKWELL | | A. Young | | | |